**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERNESTO MIGUEL HEREDIA,<br>Plaintiff,<br>v.<br>WEST VALLEY STAFFING GROUP,<br>Defendant. | Case No. 18-cv-01236-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 1, 2, 5] |

Plaintiff Ernesto Miguel Heredia brings this action against West Valley Staffing Group ("West Valley") for allegedly refusing to hire Heredia due to his age. Compl., ECF 1. The Court has reviewed the Report and Recommendation ("Report") of Magistrate Judge Susan van Keulen. Report, ECF 5. The Report recommends granting Heredia's application to proceed in forma pauperis ("IFP"). Report 4. However, the Report recommends dismissing Heredia's complaint without leave to amend on the grounds that Heredia filed the complaint maliciously. *Id.* No objections to the Report have been filed and the deadline to object has lapsed. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The Court finds the Report correct, well-reasoned and thorough, and adopts it in every respect for the reasons stated below.

### I.  THE COMPLAINT

Heredia's complaint contains the following allegations: "[A]round November 2017, I applied for a machine operator/mechanical inspector position, and submitted my application and resume to Sandra Lawrence, mid 30's senior recruiter. I was not selected for the position." "I believe that I was discriminated against because of my age 47, in violation of my rights as protected by the Age Discrimination in Employment Act of 1967, as amended." Compl. 2. The

complaint further alleges that "defendant's conduct is discriminatory with respect to the following: age." *Id.* On February 26, 2018, Heredia filed his complaint along with his IFP application.

## II. DISCUSSION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). In his IFP application, Heredia states that he has no income and savings at all. ECF 2. As such, Heredia has satisfactorily shown that he is financially qualified to proceed IFP. The Court therefore GRANTS Heredia's IFP application.

The grant of an IFP application does not mean that the plaintiff may continue to prosecute the case. A court has a duty to dismiss a case that is filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court finds that Heredia fails to state a claim for on which a relief may be granted and that Heredia filed this action maliciously.

### A. Failure to State a Claim

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, however, Heredia fails to allege a plausible claim of age discrimination. While the FAC alleges that Heredia is 47 years old and that he was not selected for a machine operator/mechanical inspector position, Compl. 2, it is devoid of factual allegations showing that the denial of his job application was due to his age. Thus, the complaint fails to plead a plausible case of age discrimination. For this reason, Heredia's complaint must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Malicious Filing of the Action

While a court may grant leave to amend the complaint for failure to state a claim, § 1915(e) also requires the court to dismiss the action if the action is "malicious." 28 U.S.C.

§ 1915(e)(2)(B)(i). Under § 1915(e), a claim is "malicious" when it is "filed with the intention or desire to harm another." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). Courts have dismissed a complaint as malicious when the litigation was "plainly abusive of the judicial process" or "merely repeats pending or former litigation." *See, e.g.*, *Hartsoe v. Doyle*, No. CV 14-63, 2015 WL 2095657, at *6 (D. Mont. May 5, 2015) (quoting *Abdul–Akbar v. Department of Corrections,* 910 F.Supp. 986, 999 (D.Del. 1995)); *Lockhart v. Oakland Police Dep't*, No. C 10-5483, 2010 WL 5387500, at *1 (N.D. Cal. Dec. 22, 2010) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as malicious." (citing *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988))); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (same).

Judge van Keulen's Report concludes that this action is malicious given the facts that (1) Heredia has repeatedly filed complaints against staffing agencies, (2) Heredia's five federal complaints against West Valley are nearly identical, and (3) Heredia's previous complaints were found to be malicious. Report 4. In particular, the Report takes notice that Heredia has filed thirteen complaints against staffing agencies in the Bay Area. *Id.* at 3. In this court alone, Heredia has filed nine complaints against staffing agencies. *Id.* This case is Heredia's fifth action against West Valley within the past sixteen months. *Id.* The previous four actions against West Valley all have been dismissed: *Heredia v. W. Valley Staffing Grp.*, No. 16-cv-06777-HRL (revoking IFP status in an order granting motion to dismiss); *Heredia v. W. Valley Staffing Grp.*, No. 17-cv-2253-SVK (N.D. Cal. May 18, 2017) (dismissed as malicious); *Heredia v. W. Valley Staffing Grp.*, No. 17-cv-2254-HRL (N.D. Cal. May 24, 2017) (dismissed as malicious); and *Heredia v. W. Valley Staffing Grp.*, No. 17-cv-4476-LHK (N.D. Cal. Feb. 14, 2018) (dismissed for failure to prosecute).

The Court agrees with the Report's conclusion that this action is malicious. As the Report points out, Heredia has repeatedly filed complaints against staffing agencies. Report 3. For the past sixteen months, Heredia has filed five complaints against West Valley. The complaint in this case and the complaints filed in the four earlier actions against West Valley are similar except for the dates when the discrimination allegedly occurred. *See* Compl.; Case No. 16-cv-06777-HRL,

3

Dkt. 1; Case No. 17-cv-2253-SVK, Dkt. 1; Case No. 17-cv-2254-HRL, Dkt. 1; Case No. 17-cv-4476-LHK, Dkt. 1. While the different dates may support distinct claims, the history and behavior of Heredia's litigation indicate that he has filed complaints with the intent to harm or harass West Valley. In Case No. 16-cv-06777-HRL, the court found that Heredia filed the action in a malicious manner and abused the judicial process. Order Granting Motion to Dismiss, Case No. 16-cv-06777-HRL, Dkt. 22. Specifically, the court found that Heredia had malicious motives which were revealed by his emails to West Valley's counsel. *Id*. at 5. The emails included 26 instances of insulting or profane communications, including nine emails in one day. *Id.* The emails included gender-, race-, national origin-, and sexual orientation-based insults. *Id.* Most importantly, in the emails, Heredia stated: "You need to settle for 3,500.00 before this goes to court or I will have to go to the state a[nd] federal court and file more lawsuits for retaliation on all recruiters that work for west valley staffing." *Id.* After the court dismissed Case No. 16-cv-06777-HRL, Heredia continued to file similar complaints against West Valley. Two of such complaints were dismissed as malicious (Case No. 17-cv-2253-SVK; Case No. 17-cv-2254-HRL), and his most recent complaint was dismissed with prejudice for failure to prosecute (Case No. 17-cv-4476-LHK).

Now, Heredia has again filed a complaint similar to those in the previous actions without any indication that he attempted address the issues, including his repeated failure to state a claim, that were identified by the court. Under these circumstances, the Court finds that the complaint in this action has been filed to harm West Valley and abuses the judicial process, and is therefore malicious. *Knapp*, 738 F.3d at 1109 (holding that a complaint is malicious when it is filed to harm another); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming dismissal under § 1915 where complaint "merely repeat[ed] pending or previously litigate claims"). Such behavior should not be encouraged. *See Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress' concern that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted). Accordingly, Heredia's complaint must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i).

4

### III. CONCLUSION

Heredia qualifies financially for IFP status, and thus the Court GRANTS his IFP application. However, Heredia's complaint fails to state a claim and is malicious under the meaning of 28 U.S.C. § 1915. "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Roettgen v. Jardins*, No. 14-CV-02913, 2015 WL 1538085, at *4 (S.D. Cal. Apr. 7, 2015) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)). Accordingly, the Court DISMISSES Heredia's complaint without leave to amend. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

Dated: April 4, 2018

_____
BETH LABSON FREEMAN
United States District Judge